United States District Court
Southern District of Texas
**ENTERED**
January 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL SANDERSON and TIFFANY SANDERSON, § § § § | |
| Plaintiffs, § | CIVIL ACTION NO. H-22-3536 |
| v. § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, § § § § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Michael and Tiffany Sanderson own a home in Montgomery County, Texas. They obtained insurance from Allstate Fire and Casualty Insurance Company. After a storm damaged the home, Allstate denied coverage. The Sandersons sued, asserting claims for fraud and misrepresentation and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. Allstate has moved to dismiss under Rule 12(b)(6), Rule 8(a), and Rule 9(b), on the grounds that the complaint is boilerplate and lacks sufficient factual allegations to state a claim. (Docket Entry No. 7).

The court agrees. Having reviewed the complaint, the motion briefing, and the law, the court grants the motion to dismiss, without prejudice. The Sandersons must file an amended complaint no later than February 24, 2023. The reasons are set out below.

**I.    Legal Background**

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that

the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." *Id.* Rule 9(b) has four purposes: to ensure that the defendant has sufficient information to formulate a defense by having notice of the conduct complained of; to protect defendants against frivolous suits; to eliminate fraud actions in which all the facts are learned after discovery; and to protect defendants from undeserved harm to their goodwill and reputation. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). Rule 9(b) must be interpreted and applied in light of these purposes.

Although the particularity Rule 9(b) demands differs with each case, "a plaintiff pleading fraud must set forth the who, what, when, and where before access to the discovery process is

granted. Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (quoting reference omitted); *accord United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 204 (5th Cir. 2013). The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

A court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F.Supp.2d 860, 882 (S.D. Tex. 2001) (internal quotation marks omitted). Consideration of documents attached to a defendant's motion to dismiss is limited to "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M. Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). The court may consider these extrinsic materials without converting to a summary-judgment motion. *See Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1366).

When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Amendment is futile if an amended complaint would still fail to state a claim. *See Mandujano v.*

3

*City of Pharr, Texas*, 786 F. App'x 434, 438 (5th Cir. 2019); *Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 211 n.1 (5th Cir. 2019).

**II.     Analysis**

Allstate correctly points out several deficiencies in the Sandersons' complaint.  Beginning with the fraud claims, which must be pleaded with particularity under Rule 9(b), the complaint fails to: (1) specify the allegedly fraudulent statements; (2) state when those statements were made; and (3) explain why the statements were fraudulent.  *See* FED. R. CIV. P. 9(b); *Hart*, 199 F.3d at 248 n.6; *Williams*, 112 F.3d at 177.  The fraud and misrepresentation allegations in the complaint are conclusory, stating that Allstate engaged in fraudulent acts and misrepresentations, but providing no clarity as to what was false or misleading.  The complaint repeatedly states that Allstate as well as one of its agents, Neola Spencer, made the allegedly fraudulent statements.  It is unclear whether anyone besides Spencer made allegedly fraudulent statements, what the statements were, when they were made, and by whom.  Nor is it clear what statements (also unspecified) were made by Spencer or by someone else.  The "who, what, when, and where" required by Rule 9(b) is missing.

The other claims are similarly deficient.  The complaint fails to specify when the storm that damaged their home occurred, when the Sandersons requested coverage, when the inspection began and concluded, how the inspection conducted by Allstate was substandard, and what coverage the Sandersons should have received.  The Sandersons correctly state that they need not "actually prove all material issues" in their complaint. (Docket Entry No. 8 at 3).  But more is required than the barebones and conclusory allegations in the current complaint.

Allstate's motion to dismiss, (Docket Entry No. 7), is granted, without prejudice.  The Sandersons must file an amended complaint that complies with the particularity requirement of

4

Rule 9(b) and contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The amended complaint must be filed no later than February 24, 2023. A scheduling and docket control order will be entered separately.

SIGNED on January 25, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge